MÁRQUEZ ET AL., APPELLANTS, *v.* JORDI, RESPONDENNT.

## APPEAL from the District Court of Arecibo.

No. 908.—Decided June 16, 1913.

GANANCIAL PROPERTY — GIFT FROM PARENT — LOAN — CESTUI QUE TRUST. — A executed a document acknowledging the receipt of 5,000 *pesos* from B, to be delivered in equal shares to the latter's two daughters two years after the death of B and his wife, A to pay annual interest thereon while the money remained in his possession. It was held that said document does not show a loan from the daughters but a purely voluntary gift from B to his daughters in trust to take effect after his death, that said sum was the exclusive property of the daughters and did not partake of the character of ganancial property and that each of said daughters was entitled to dispose freely of her share without the consent or authorization of her husband.

ID.—PARAPHERNAL PROPERTY—MARITAL CONSENT—CONSTRUCTION OF LAW.—The marital consent exacted by the laws in force prior to the Revised Civil Code so that the wife could dispose of her own separate property was suppressed by said Revised Civil Code without prejudicing the right acquired by the husband under the laws in force at the time the marriage was contracted.

ID.—VESTED RIGHTS—CONSTRUCTION OF LAW.—The fundamental element in the law governing conjugal partnerships is the right of each of the spouses to receive one-half of the property acquired during the marriage at the dissolution of the same and this is a vested right which cannot be modified by the Legislature without working a hardship upon the spouses who contracted the marriage under that law.

EVIDENCE—CONDITIONAL ADMISSION OF EVIDENCE—PRACTICE.—Although it is a better practice to rule upon the admissibility of evidence at the time it is offered and objected to, it is not a fundamental error when the case is tried without a jury to strike out subsequently evidence which was admitted conditionally, because the court is in a position to free itself from the impression caused thereby.

The facts are stated in the opinion.

*Mr. Luis Llorens Torres* for appellants.

*Mr. Antonio Sarmiento* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

By a public deed executed November 26, 1893, Nicanor Ferrer purchased from Francisco Torres Rodríguez a lot situated on the public square of Arecibo, the price of which lot the vendor acknowledged he had received. It was also set out in said instrument that prior to the said sale the vendee had received from the vendor $5,000, to be delivered in equal

shares to the latter's daughters, Avelina and Concepción, two years after the death of their parents, Francisco de Torres Rodríguez and Josefa de Torres Ramos, said principal to bear interest payable to the spouses during life and thereafter to their daughters until the principal had been paid. The purchaser mortgaged the said lot and all buildings which he would erect thereon in favor of the said spouses in the sum of $1,000 to guarantee the payment of the interest accruing to them, and also in favor of the two said daughters to respond for the principal and interest accruing to them.

Subsequently the daughter Concepción conveyed her share in the mortgage debt to the defendant, Antonio Jordi Pericás, by deeds dated September 8, 1906, and January 28, 1907, which deeds her children, as the exclusive heirs of their father, Miguel Márquez, now seek to have decreed null and void on the ground that Concepción executed the deeds of conveyance without the consent of her husband notwithstanding the fact that it was conjugal-partnership property, and that even if it were not, but belonged to the wife exclusively, the permission of her husband was necessary inasmuch as the marriage having been contracted before the enactment of the Revised Civil Code the provision thereof to the effect that the wife may dispose of her own private property without the consent of her husband is not applicable.

In support of their contention that the credit so conveyed was conjugal-partnership property the appellants allege that it appears from the instrument which created the mortgage debt that the same was acquired by Concepción Torres during her marriage in payment of a loan she had made to her father. The following is a pertinent extract from said document:

"Mr. Ferrer acknowledges to have received from Mr. Torres Rodríguez the sum of $5,000 in lawful currency and binds himself to deliver the same two years after the death of Torres, provided his wife, Josefa de Torres y Ramos, should have died already, or two years after the death of his wife in case he should die first, to their daughters, Avelina and Concepción Torres y Torres, in equal shares, which

amount so divided the parents owe to their said daughters to become due as aforesaid; and during the life of the said parents, or either of them, the said Ferrer shall pay to both of them or to the survivor, as the case may be, the annual income thereon.''

The foregoing words do not show that Concepción made any loan whatever to her parents, but even if it did, as is contended by the appellants, not knowing the date of the delivery of the money by the daughter, there is no basis for the contention that the money was loaned during her marriage. The only legal construction which can be given to the above words is that they provide for a gift from the parents to their daughters in trust to take effect after the death of the former, which gift was purely voluntary and for a valuable consideration. Hence the deed itself destroys the presumption that it is a community asset on account of having been acquired during the marriage, and, in accordance with section 1396 of the Spanish Civil Code and section 1314 of the code now in force, it is the exclusive property of the wife.

When in 1906 and 1907 Concepción de Torres conveyed this credit to the defendant the Revised Civil Code was in force, and by section 160 thereof each of the spouses had the right of the free administration of his own property and could dispose of the same freely without the permission or consent of the other spouse, this formality being required by said code only in cases of conjugal-partnership property.

The point raised by the appellants, that even if the property belonged exclusively to the wife, the consent of her husband was necessary to legalize the conveyance made by their mother, is without foundation. It is true that before the Revised Civil Code went into effect the consent of the husband was required before the wife could transfer or encumber her separate property, but this requirement was repealed by section 160 of the present Civil Code and its repeal does not affect any right acquired by the husband by reason of his having contracted the marriage when the law relating to conjugal partnerships, which required his consent, was in force.

The fundamental right regulated by the law governing conjugal partnerships is the right of each of the spouses to receive one-half of the benefits or property acquired during the marriage at the dissolution of the same, a right which cannot be modified without working a hardship on the spouses who contracted marriage under that régime. Moreover, the marital consent exacted by the laws in force prior to the new Civil Code so that the wife could dispose of her own separate property was suppressed by the Revised Civil Code without prejudicing the rights acquired by the husband, because said requirement was not a fundamental element of the conjugal partnership inasmuch as it in no wise affected the right of either spouse to the one-half share of the property acquired during the matrimony, its only object being to preserve the proper respect for the head of the family. Therefore, Concepción Torres could lawfully make these conveyances of her property without the consent of her husband after the enactment of the new Civil Code without violating the first temporary provision thereof. More far-reaching than this consent was the husband's power to dispose of the community property himself without the consent of the wife, which consent becomes necessary under the provisions of the present code, and, nevertheless, in the case of *Amadeo* v. *The Registrar*, 3 P. R. R., 263, it was decided that such consent is necessary in acts executed after the enactment of the code although the marriage had been contracted under the provisions of law which contained no such requirement.

Another ground relied on by the appellants is that the court committed error in admitting certain irrelevant testimony over the objection made by them at the trial. The defendant offered in evidence a certificate containing a letter, which document was admitted conditionally by the trial court, but later, in deciding the case, the court excluded the same from consideration on account of failure to prove its authenticity and admissibility. We held recently in the case of *Celestino Domínguez* v. *Pastor Díaz, ante* p. 524, that although it is

better practice to rule upon the admissibility of evidence at the trial, the court commits no fundamental error when a case is tried without a jury, in subsequently striking out impertinent testimony, as the court is in a better position to free itself from the impression caused thereby.

The judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary took no part in the decision of this case.